UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-10278-RWZ

JAMES FOLEY

v.

UNITED STATES OF AMERICA

MEMORANDUM OF DECISION

December 1, 2014

ZOBEL, D.J.

Plaintiff James Foley sued defendant United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b), alleging harm accruing as a result of negligence in his recruitment to the National Guard. The defendant has moved to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

**I. Facts**

The relevant factual allegations taken from the complaint and restated here are assumed true for purposes of this motion to dismiss.[1] Plaintiff is 54 years old and

---

[1] The documents attached to the opposition to the motion to dismiss are not properly before the court, as they are neither attached to the complaint nor incorporated by reference and plaintiff has failed to move to amend the complaint. Even if the documents were considered, however, Mr. Foley filed this lawsuit only 16 months after the mailing of his administrative claim to the United States Attorney's office, meaning the government had not yet failed in its duty to transfer under 28 C.F.R. § 14.2, and had not yet finally denied it as required by 28 U.S.C. § 2675. Accordingly, Mr. Foley's complaint fails to plead administrative exhaustion even if it had not been barred by the statute of limitations, because there had been no denial of the administrative claim at the time of filing. See Docket # 1 (Complaint, filed

enlisted in the National Guard in 1977. In order to enlist, he was required to take an entrance exam. He has diminished mental capacity, difficulty reading and writing, and asserts that he could not have passed the exam. Nonetheless, the recruiter allowed plaintiff to enlist.

After basic training Mr. Foley entered school in Fort Dix to learn how to become a cook for the National Guard. While stationed there, he was sexually abused by a sergeant. As a result of this abuse, plaintiff has suffered decades of psychological problems and alcoholism.

Though he was aware of the sexual abuse and its repercussions, plaintiff says that he was, until 2012, unaware of the fact he was incapable of passing the entrance exam in 1977. He filed this lawsuit on February 6, 2014.

## II. Analysis

The FTCA is a limited waiver of the sovereign immunity of the United States for some torts committed by the government and is strictly construed in the government's favor. Bolduc v. U.S., 402 F.3d 50, 56 (1st Cir. 2006).

Pursuant to the FTCA, a tort claim against the United States is "forever barred" unless it is presented in writing to the appropriate federal agency[2] within two years after the claim accrues. 28 U.S.C. § 2401(b). This requirement of timely filing is "a

---

2/06/2014), # 12.1 (Demand Letter, dated 10/10/2012).

[2]As noted, supra note 1, plaintiff does not allege he filed a claim with the "appropriate federal agency," but instead relies on the required transfer regulation, 28 C.F.R. § 14.2. This regulation mandates that, where an administrative claim is filed with the incorrect agency, the statute of limitations is deemed satisfied if that agency fails to transfer the claim to the appropriate agency, when ascertainable, within two years. For purposes of this section, the court will assume the "appropriate federal agency" requirement was satisfied by this regulation, despite the problems noted in footnote 1.

jurisdictional prerequisite to suit that cannot be waived." Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002), as corrected (May 8, 2002). As such, the court may, and indeed must, raise it *sua sponte*. McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).

The general rule is that a tort claim accrues at the time of the plaintiff's injury. Gonzalez, 284 F.3d at 288. In some situations, this general rule is modified by the so-called "discovery rule" exception: the "claim accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the factual basis for the cause of action." Id. The standard is objective – "it includes not only what was actually known but what a reasonable person, once fairly prompted to investigate, would have discovered by diligent investigation." Litif v. United States, 670 F.3d 39, 44 (1st Cir. 2012). "Outside the medical malpractice context, a claim accrues under the FTCA once a plaintiff knows, or in the exercise of reasonable diligence should know, (1) of her injury and (2) sufficient facts to permit a reasonable person to believe that there is a causal connection between the government and her injury." Skwira v. United States, 344 F.3d 64, 78 (1st Cir. 2003).

Mr. Foley was aware of sufficient facts of his injury and its connection to government action for roughly 40 years prior to submitting his administrative claim. The fact that the negligence had simply not been apparent to him is irrelevant because the inquiry is an objective one. He had sufficient facts for a reasonable person to infer the existence of such a connection, and it would have been discoverable through the exercise of reasonable diligence at some point in that time frame. Even without determining exactly when after the events in 1977 the statute of limitations had run out,

3

it had clearly expired prior to the submission of his administrative claim in early 2012.

Plaintiff relies in error on <u>Bukala</u>, which stands only for the proposition that an otherwise timely but mis-delivered claim nevertheless may be deemed to have been timely presented to the proper agency if the receiving agency fails to comply with the transfer regulation, 28 C.F.R. § 14.2. <u>See</u> <u>Bukala v. United States</u>, 854 F.2d 201, 204 (7th Cir. 1988). Though plaintiff has not properly pled even the mis-delivery or final denial of an administrative claim, this argument fails. The plaintiff's own failure to properly address his administrative complaint cannot possibly lead to the exhumation of a claim interred decades ago. The complaint is therefore dismissed for lack of subject matter jurisdiction.

## III. Conclusion

Defendant's motion to dismiss is ALLOWED.

Judgment may be entered dismissing the complaint.

    December 1, 2014                                      /s/Rya W. Zobel
          DATE                                               RYA W. ZOBEL
                                                        UNITED STATES DISTRICT JUDGE